*Merrill*, for the defendant.

———

SHAW & *al. versus* KEEP.

An action upon a bond, brought in the name of the joint obligees, by an assignee of one of them, may be discharged by the other.

ON EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J. presiding.

The opinion of the Court, TENNEY, HOWARD, RICE and APPLETON, J. J., was delivered by

HOWARD, J., orally. — This case comes by appeal from the District Court, where the plaintiffs, Shaw & Slocum, obtained a verdict.

The defendant now moves that a nonsuit, without costs, be entered, and introduces an agreement, signed by Slocum, that such shall be the disposition of the suit.

The attorneys, by whose agency the verdict was recovered, object to that course, and offer to prove, *that* they are the attorneys of Kidder & Co. to whom Shaw had assigned his interest in the bond; that Shaw was the only person damnified by the breach of the bond; *that* they, the counsel, have expended a large sum in fees and disbursements, and have made full preparation for a trial in this Court; and *that* in the arrangement between Slocum and the defendant, there was collusion to defraud Kidder & Co., and also the counsel.

The Judge, however, ordered a nonsuit, and Kidder & Co. filed exceptions.

But it appears that the assignees, who claim protection, were but part owners of the bond. Slocum always retained his right in it, as a joint obligee, and that right authorized him to discharge the suit.                    *Exceptions overruled.*

*Porter* and *Smith*, for the assignees.

*Tallman*, for the defendant.